IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KAMERON C. BASSETT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 4:20-cv-00637-P-BP |
| | § |
| NEAL LANDFIELD, *et al.*, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) and Brief and Appendix (ECF Nos. 12 and 13) filed by Defendant Arlington Police Department ("APD") on March 19, 2021; Motion and Brief to Dismiss (ECF No. 15) of Defendant Neal Landfield ("Landfield") filed on March 22, 2021; Plaintiff's Oppositions, Briefs, and Appendices (ECF Nos. 22 through 27) filed in response to the Defendants' Motions on April 9 and 12, 2021; Defendant Landfield's Reply (ECF No. 29) filed on April 13, 2021; and Defendant APD's Reply (ECF No. 30) filed on April 14, 2021.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendants' Motions to Dismiss (ECF Nos. 12 and 15), and **DISMISS WITH PREJUDICE** Plaintiff's claims against APD and against Landfield in both his official and individual capacity for failure to state a claim.

I. **BACKGROUND**

Plaintiff Kameron C. Bassett ("Bassett") brings this action *pro se* pursuant to 42 U.S.C. § 1983, claiming that APD and Landfield tortured him, committed misconduct, and used excessive

force in violation of his Fourth and Fourteenth Amendments in connection with his arrest on February 25, 2019. ECF No. 9 at 1. The following facts come from his Amended Complaint unless otherwise noted. The Court accepts the pleaded facts as true for purposes of considering the Defendants' Motions to Dismiss. *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

On the date in question, Bassett was arrested after attempting to steal headphones from Fry's Electronics store in Arlington, Texas. *Id.* at 4. After he was detained by the store's loss prevention officers, APD Officer Weller arrived on the scene. *Id.* Landfield arrived shortly after and noticed that Officer Weller was unable to secure Bassett's hands behind his back. *Id.* Upon his arrival, Landfield immediately shoved his taser into Bassett's chest and kicked him to the ground. *Id.* at 2. Landfield then proceeded to grab his hair and "bash[]" his face into the concrete causing lacerations to the left side of his face around his eye. *Id.* Bassett was then sprayed with mace multiple times, and Landfield stopped spraying him only after Landfield started to get mace sprayed back into his own face. *Id.* Bassett was then taken to the hospital by ambulance. *Id.*

In response to Bassett's Amended Complaint, APD filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) on March 19, 2021. ECF No. 12. APD argues that Bassett's claim should be dismissed on two grounds. *Id.* at 8. First, it claims Bassett has not alleged that his harm was caused by an official municipal policy or custom of APD. *Id.* at 9-10. Second, APD contends that it is not a jural entity that is capable of being sued. *Id.* at 10-13. Landfield also filed a Motion to Dismiss, seeking dismissal on the basis of qualified immunity and because Bassett has not pleaded any facts to support an equal protection claim. ECF No. 15 at 14-21.

## II. LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

3

disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

"A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413).

    **b.**    **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing

*Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

### c. Qualified immunity

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citations omitted). To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' [such] that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 731 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### d. *Pro se* pleading standards

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, as noted above, a court may dismiss a complaint with prejudice if the plaintiff has pleaded his best case. *Jones*, 188 F.3d at 326-27 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III. ANALYSIS

#### a. The Court Should Dismiss Bassett's Claims Against APD.

##### 1. *Bassett has not pleaded a case of municipal liability.*

Bassett claims that Landfield's actions exceeded reasonable bounds and violated his rights under the Fourth and Fourteenth Amendments. ECF No. 9 at 2. Bassett does not specifically state any claims against APD. However, because he is proceeding *pro se*, the Court liberally construes his claims as asserting that APD is liable for the actions of Landfield. *Id.*

A municipality may not be held liable for the acts or omissions of its actors under § 1983 merely based on *respondeat superior*. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a municipality may only be liable for its unconstitutional policies or customs. *Monell*, 436 U.S. at 691. To establish municipal liability, a plaintiff must prove: (1) an official policy or custom, of which (2) a policymaker had actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski*, 237 F.3d at 578).

To hold a municipality liable, a plaintiff must first demonstrate the existence of an official policy or custom. *Piotrowski*, 237 F.3d at 579. "Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but also may arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] ... this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal

7

actor is the final policymaker." *Valle v. City of Hous.*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citations, brackets, and some internal quotation marks omitted).

Bassett claims that APD violated his right to equality and due process prior to his arrest. ECF No. 9 at 2. In support of his claim, Bassett states that he was only assaulted due to the color of his skin and his appearance. *Id.* Even construed liberally, Bassett's Amended Complaint does not identify any APD policies or customs, nor has he stated any facts raising an inference that APD had policies or customs that led to the actions of Landfield in this case. Because he does not allege any facts that would provide a path to liability by APD, Bassett's claims against APD should be dismissed.

### 2. *APD is not a jural entity that can be sued.*

Bassett also has not established that APD is a jural entity that can be sued. The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). To sue a department of a city, that department must have a separate legal existence. *Id.* To achieve a separate legal existence, the political entity that created the department must have taken "explicit steps to grant the servient agency with jural authority." *Id.* Without this, the department lacks the capacity to sue or to be sued. *Id.* Federal courts in Texas have uniformly held that entities without a separate jural existence, such as APD, are not subject to suit. *See Neal v. Flanery*, 2021 WL 164555, at *2 (W.D. Tex. Jan. 19, 2021) (Austin Police Department is not a legal entity capable of being sued); *Potts v. Crosby Indep. School Dist.*, 2005 WL 1527657, at *6 (S.D. Tex. June 28, 2005) (Harris County Sheriff's Department lacks capacity to sue or be sued); *Westfall v. City of Schertz Police Dep't*, 2005 WL 1168427, at *2 (W.D. Tex. May 18, 2005) (city police department not separate jural entity capable of being sued). Because APD is not a separate

legal entity amenable to suit, Bassett's claim against APD should be dismissed. *See Barrie v. Nueces Cnty. Dist. Attorney's Office*, 753 F. App'x 260, 264 (5th Cir. 2018).

### b. The Court should Grant Landfield's Motion to Dismiss and Dismiss Bassett's Claims Against Him.

Landfield moves to dismiss Bassett's Amended Complaint because (1) Landfield has qualified immunity from Bassett's claims against him in his individual capacity and (2) Bassett failed to state an equal protection claim against Landfield. *See* ECF No. 15.

#### *1. Bassett does not state a claim against Landfield in his official capacity.*

To the extent Bassett seeks monetary relief from Landfield in his official capacity, a § 1983 claim against an officer in his official capacity is tantamount to a claim against the municipality itself. It is well established under § 1983 that municipalities are liable only for their own acts and not those attributed to them by principles of *respondeat superior*. *Monell*, 436 U.S. at 690. A municipality, as well as municipal officers acting in their official capacity, can be held liable under § 1983 only if a municipal "official policy or custom" caused the deprivation of a constitutional right. *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). As stated above, Bassett does not allege that his alleged harm resulted from any official policy or custom implemented by the APD. Therefore, Bassett's claims against Landfield in his official capacity should be dismissed with prejudice. *Washington v. Hall*, No. 3:98-cv-0174-H, 1998 WL 204682, at *2 (N.D. Tex. Apr. 17, 1998) (claims against police officer in his official capacity dismissed with prejudice).

#### *2. Landfield is entitled to qualified immunity from Bassett's individual capacity claims.*

To the extent Bassett sues Landfield in his individual capacity, qualified immunity applies because Bassett has not stated a claim that Landfield violated his constitutional rights. The doctrine of qualified immunity protects government officials from suit and "from liability for civil damages

9

under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Once an official asserts qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When determining whether an official can claim qualified immunity, courts engage in a two-step analysis. *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016). "First, they assess whether a statutory or constitutional right would have been violated on the facts alleged." *Id*. "Second, they determine whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that 'every reasonable official would understand that what he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (emphasis in original) (quoting *al-Kidd*, 563 U.S. at 741). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

If a police officer is performing a public duty, such as the enforcement of general laws, then the officer is acting as a public officer rather than the agent of the employer. *Cox v. City of Ft. Worth, Tex.*, 762 F. Supp. 2d 926, 939 (N.D. Tex. 2010). Bassett's Amended Complaint alleges

that Landfield was acting as an on-duty police officer when all the complained-of actions took place. Bassett's claim under § 1983 that Landfield used excessive force presumes that Landfield was acting under color of law as an on-duty police official. The facts alleged in Bassett's Amended Complaint show that the complained-of conduct occurred during Landfield's arrest of Bassett for theft. ECF No. 9 at 2. Though Bassett disputes Landfield's tactics in making the arrest, Bassett does not dispute that Landfield was engaged in making an arrest. *Id.* Because Landfield was an on-duty police officer, he is entitled to assert qualified immunity as a defense to Bassett's claims.

To prevail on a Fourth Amendment excessive-force claim under § 1983, Bassett must establish "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)). "Claims of excessive force are fact-intensive; whether the force used was 'clearly excessive' and 'clearly unreasonable' depends on 'the facts and circumstances of each particular case,'" including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Bassett alleges that Landfield shoved his taser into his chest, kicked him to the ground, and then hit his face against the concrete. ECF No. 9 at 2. He claims that Landfield sprayed mace into his face after he was already on the ground. *Id.* Bassett contends that, because of this force, he suffered from a fractured eye socket, temporary loss of vision, skin infection, paranoia, and post traumatic stress. *Id.* at 3. Landfield responds that Bassett's confession to resisting arrest contradicts

11

his assertion that he was subjected to excessive force. ECF No. 15 at 15-16. Additionally, Landfield asserts that even if the Court ignored Bassett's judicial confession, it still should dismiss his claims as conclusory allegations that are not sufficient to establish a violation of the Fourth Amendment. *Id.* at 16.

Although the Court generally may not look beyond the pleadings when considering a motion to dismiss under Rule 12(b)(6), the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).

Here, Landfield's police report is a part of the public record, and therefore the Court can consider it in ruling on Landfield's Motion to Dismiss. Landfield's report states that Bassett resisted arrest despite being given verbal commands to comply. ECF No. 15-1 at 9. Landfield noted that Bassett had handcuffs on both wrists, but the handcuffs were not secured to each other and instead were hanging down. *Id.* Landfield perceived this as a threat, as unsecured handcuffs can be used as a weapon against an officer. *Id.* According to Landfield's report, the danger from the unsecured handcuffs caused him to remove his taser and point it at Bassett's torso as a de-escalation tactic. *Id.* This tactic was unsuccessful as the initial officer on the scene was still unable to restrain Bassett. *Id.* Landfield reports that he attempted to do an inside "takedown" by pulling on Bassett's shirt, but his attempt proved to be unsuccessful. *Id.* Finally, Landfield along with two other officers were able to pull Bassett to the ground, but once on the ground, he still refused to put his hand behind his back and instead tried and get off the ground. *Id.* at 9-10. Bassett continued

to ignore all commands to cease resisting. *Id.* at 10. Landfield stated that to restrain Bassett, he "deployed a straight punch to the side of [Bassett's] face as a distraction mechanism." *Id.* He claimed that despite his punch causing a momentary distraction, the officers were still unable to pull Bassett's hands behind his back, and therefore, he used his "OC spray in the hopes of overcoming Bassett's continued resistance." *Id.* After using the spray, Landfield noted that Bassett was distracted enough that another officer was able to get his arms behind his back and handcuffed. *Id.* After handcuffing Bassett, Landfield stated that he requested an ambulance and moved Bassett into a recovery position. *Id.*

On the first element of an excessive force claim, Bassett has alleged an injury. He alleges that Landfield's actions caused him facial trauma, a fractured eye socket, a skin infection, and emotional trauma. ECF No. 9 at 3. On the second element, that the injury resulted directly and only from a use of force that was clearly excessive, Bassett established causation for his injury. Bassett alleges that Landfield "bashed" his face against the concrete, cutting the left side of his face near his eye. *Id.* at 2. The report of the first officer on the scene, Officer Weller, confirms that Bassett did sustain a cut to his left eyebrow after being hit in the face by Landfield. ECF No. 15-1 at 7.

However, Bassett has not pleaded facts to show that the force used in this case was excessive. Of the Supreme Court's three factors set out in *Graham*—the severity of the crime, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest—only one weighs in favor of Bassett. 490 U.S. at 396. As to the first factor, his crime of theft of property more than $100 but less than $750 is a Class C misdemeanor and is only a minor offense militating against the use of force. Tex. Penal Code § 31.03(e)(1); *see Reyes v. Bridgwater*, 362 F. App'x 403, 407 n.5 (5th Cir. 2010)

13

(*Graham* "severity" factor militated against a use of force where the alleged crime was a misdemeanor).

On the second and third factors, the exhibits from the public records show that Bassett posed an immediate threat to the officers' safety and that he actively resisted arrest. While Bassett alleges that he was not being assaultive or attempting to flee, the reports of both Landfield and Officer Weller indicate otherwise. They show that Bassett was verbally loud, unsecured with handcuffs hanging from his wrists, and resisting arrest. *See* ECF No. 15-1 at 6-10. Exhibits attached to a motion to dismiss control over contrary allegations. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004). The police reports attached to Landfield's Motion clearly show there was a need for such use of force and that the force Landfield used was not excessive or clearly unreasonable under the circumstances he faced in trying to arrest Bassett. Because Bassett has not pleaded facts to adequately show that Landfield used excessive force, Landfield is entitled to qualified immunity on those claims, and the Court should dismiss them.

> 3. *Bassett fails to state an equal protection claim.*

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)) (internal quotation marks omitted). A plaintiff may assert "an equal protection claim based on a 'class of one.'" *Bryan v. City of Dallas*, 188 F. Supp. 3d 611, 619 (N.D. Tex. 2016) (quoting *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 823-24 (5th Cir. 2007)). "To do so, []he must show that '(1) []he was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment.'" *Id.*

Here, Bassett has not asserted any facts to support an equal protection claim. He merely alleges that Landfield treated him with excessive force due to his race and size. Bassett alleges no facts to show that he was treated differently than others similarly situation or that there was not a rational basis for the disparate treatment. Because Bassett has provided no factual allegations to establish an equal protection claim, his claim should be dismissed.

### c.     The Court should Dismiss Bassett's Claims against APD and against Landfield in his Official and Individual Capacity with Prejudice.

Dismissal without prejudice is appropriate if a court finds that the plaintiff has not alleged his best case. *Jones*, 188 F.3d at 327. However, where "[a]n amendment would be futile [because] . . . the complaint as amended would be subject to dismissal," then it should be dismissed with prejudice. *Cal Dive Int'l, Inc. v. Schmidt*, 639 F. App'x 214, 219 (5th Cir. 2016).

Bassett has had ample opportunity to allege a case against APD and Landfield if he were able to do so. He has already amended his complaint once, but he did not add additional factual allegations to support his claims against APD or Landfield in the Amended Complaint. Under these circumstances, it appears that Bassett has pleaded his best case against the Defendants, and any further amendment would be futile. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Accordingly, the Court should dismiss Bassett's claims against APD and against Landfield in his official and individual capacity with prejudice.

## IV.   CONCLUSION

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** Defendants' Motions to Dismiss (ECF Nos. 12 and 15), and **DISMISS WITH PREJUDICE** Bassett's claims against APD and against Landfield in both his official and individual capacity**.**

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  **SIGNED** on July 29, 2021.

                     _____
                      Hal R. Ray, Jr.
                      UNITED STATES MAGISTRATE JUDGE